

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00212-CR

HATTIE ARNETTA HARRIS                 APPELLANT

V.

THE STATE OF TEXAS                        STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1345001D

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Hattie Arnetta Harris guilty of theft of property valued at $20,000 or more but less than $100,000.[2]  Because Harris waived her

---

[1]*See* Tex. R. App. P. 47.4.

[2]Harris was convicted under the former version of section 31.03(e)(5) of the Texas Penal Code, which made the offense a third-degree felony.  *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 9, 1995 Tex. Gen. Laws 2734, 2738 (amended effective September 1, 2015).  But the Texas Legislature changed that section effective September 1, 2015; theft under $30,000 is now a state jail

right to have the jury assess punishment, the trial judge assessed her punishment at ten years' confinement, probated for ten years, and ordered her to pay restitution of $26,515.06. Harris filed a notice of appeal from the trial court's judgment, and the trial judge appointed her new counsel for appeal.

Harris's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We informed Harris by letter that her court-appointed counsel had filed a motion to withdraw and a brief in support of that motion and gave her the opportunity to file a pro se response.

After we provided Harris access to the appellate record, she filed a pro se response to the *Anders* brief and motion to withdraw. The State responded by letter agreeing with Harris's court-appointed appellate counsel that there are no arguable grounds for appeal.

Once an appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—

felony, and theft between $30,000 and $100,000 is a third-degree felony. Tex. Penal Code Ann. § 31.03(e)(4) (West Supp. 2016).

2

Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Harris's pro se response, the State's response, and the appellate record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.


/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 22, 2016

3